[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15143
Non-Argument Calendar

_____

D. C. Docket No. 04-00182-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNULFO PAREDES URENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 22, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Arnulfo Paredes Urena appeals his conviction and 210-month sentence for

possession with intent to distribute, and conspiracy to possess with intent to

distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. App. § 1903(a) and (j).

Urena is a Mexican citizen who was rescued by the U.S. Coast Guard in international waters off the shore of Mexico when his boat capsized. Urena's boat held more than 4536 kilograms of cocaine. The Mexican government could not affirmatively and unequivocally assert that his vessel was of Mexican nationality, and therefore the vessel was a "vessel without nationality" and subject to the jurisdiction of the United States under the MDLEA. 46 U.S.C. App. § 1903(c)(1)(A).

On appeal, Urena first argues that the MDLEA is unconstitutional because Congress exceeded its authority under the Piracies and Felonies Clause of the Constitution when it enacted the MDLEA. Urena argues that Congress exceeded its power to "define and punish Piracies and Felonies on the high seas" because the constitutional clause was not intended to give Congress power to criminalize drug possession by a foreign sailor on a foreign vessel. Urena did not raise this argument in the district court. U.S. CONST. art. I, § 8, clause 10. Our review of a challenge to the constitutionality of a statute, based on the assertion that Congress

2

exceeded its authority in enacting the statute, is limited to "a search for plain error" where the appellant failed to raise the issue at trial. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005) (reviewing for plain error a claim that Congress exceeded its authority under the Commerce Clause).

To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736, 113 S.Ct. at 1779 (quotation omitted). We have held, however, that "an error cannot meet the 'plain' requirement of the plain error rule unless it is 'clear under current law.' . . . [W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) (citations omitted).

The MDLEA provides, in relevant part, that "[i]t is unlawful for any person . . . on board a vessel subject to the jurisdiction of the United States . . . to possess with intent to manufacture or distribute, a controlled substance." 46

3

U.S.C. App. § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality," which, in turn, is defined to include "a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. App. § 1903(c)(1)(A) and (c)(2)(C). In this case, we hold that the district court did not commit plain error by failing to hold sua sponte that the MDLEA was unconstitutional because Congress had exceeded its authority under the Piracies and Felonies Clause. There is no precedent from either the Supreme Court or this Court resolving this issue and declaring that the enactment of the MDLEA exceeded Congress's authority, and therefore any alleged error the district court may have committed is not plain. See Aguillard, 217 F.3d at 1321. Moreover, we have noted that "this circuit and other circuits have not embellished the MDLEA with a nexus requirement." United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003), cert. denied, 541 U.S. 1035 (2004). Accordingly, because Urena's constitutional challenge fails under the plain-error test, we affirm as to this issue.

Next, Urena argues that the MDLEA is unconstitutional because jurisdiction is an element of his crime under the MDLEA, and therefore must be found by a jury beyond a reasonable doubt, but the statute vests the jurisdictional question in

4

the judge. Urena bases his argument on United States v. Gaudin, 515 U.S. 506, 522-23, 115 S.Ct. 2310, 2320 (1995, where the Court stated, "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." However, by pleading guilty, Urena admitted all elements of the crime and waived his right to have a jury find *any* of the elements beyond a reasonable doubt. This Court has stated that a defendant who enters an unconditional guilty plea admits all elements of the criminal charge and waives all nonjurisdictional defects in his court proceedings. United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986). Furthermore, as Urena concedes, this Court already rejected this argument in United States v. Tinoco, 304 F.3d 1088, 1095 (11th Cir. 2002).[1]

Third, Urena objects to his sentence in light of United States v. Booker, 543 U.S.___, 125 S. Ct. 738 (2005), because his sentence was imposed in a mandatory guidelines system. In Booker, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 543 U.S. at ___, 125 S.Ct. at 749-51. In a second and separate majority opinion, the Court in Booker concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of

---

[1] Urena states that he raises the issue primarily for the purposes of en banc or certiorari review.

5

1984, the appropriate remedy was to "excise" two  sections that made the

Guidelines mandatory, and rendered the Sentencing Guidelines effectively

advisory.  Id. at ___, 125 S.Ct. at 764.  The Court indicated that both its "Sixth

Amendment holding and . . . remedial interpretation of the Sentencing Act" must

be applied to "all cases on direct review."  Id. at ___, 125 S.Ct. at 769.

Because Urena properly preserved his claim by objecting to the

constitutionality of the Guidelines in the district court, "we review the defendant's

Booker claim in order to determine whether the error was harmless."  United States

v. Mathenia, __ F.3d.__, 2005 WL 1201455 (11th Cir. May 23, 2005).  The

harmless error standard to be used, however, depends on whether there was a

constitutional error or a statutory error.  See id.  Because this case only concerns a

"Booker statutory error,"[2] the error is:

> harmless if, viewing the proceedings in their entirety, a court
> determines that the error did not affect the sentence, or had but very
> slight effect.  If one can say with fair assurance that the sentence was
> not substantially swayed by the error, the sentence is due to be
> affirmed even though there was error.

Id. (quotations and alterations omitted).  This standard "is not easy for the

---

[2] Urena has conceded that there was no Sixth Amendment constitutional error in this case because he admitted those facts that resulted in enhancements to his sentence.  Urena does argue that there was a Fifth Amendment violation because he was sentenced based on facts that were not charged in his indictment.  As we discuss in the next section, we find that there was no Fifth Amendment violation.  Accordingly, we review the mandatory application of the Guidelines under the statutory harmless error standard.

government to meet," and it is "as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review. The reason for that parity of difficulty is that the standard is the same in those two situations; the difference is the party that has the burden. " Id. at 6. In this case, the Government admits that it cannot meet its burden to show that the mandatory nature of the Guidelines did not affect the sentence imposed. Accordingly, we vacate and remand for resentencing as to this issue.

Finally, Urena argues that his then-mandatory Guidelines' range should have been determined solely on the facts charged in the indictment, and that any sentence imposed post-Booker that is greater than the maximum sentence under the Guidelines would violate the Ex Post Facto and Due Process Clauses is without merit. Urena's argument fails because the maximum punishment that he faced both before and after Booker is the same. In United States v. Duncan, this Court determined that because Booker made the Guidelines advisory, not mandatory, "the various top ranges of the Guidelines are no longer binding, and therefore, no longer constitute 'little relevant maximums.' This leaves as the only maximum sentence the one set out in the United States Code." 400 F.3d 1297, 1303 (11th Cir. 2005). Accordingly, because the statutory maximum sentence for Urena's offense has always been life imprisonment, and because this maximum has not

7

changed, there is no Fifth Amendment, <u>ex post facto</u>, or due process violations implicated in this case.  <u>See</u> <u>id.</u> at 1307-08.

Based upon our review of the record and the parties' briefs, and as discussed above, we conclude that Urena's constitutional challenges to the MDLEA are without merit and affirm his conviction.  However, because the district court committed a <u>Booker</u> statutory error by sentencing Urena under a mandatory guidelines system, and because the government has not shown that this error was harmless, we vacate and remand for re-sentencing consistent with <u>Booker</u>.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**