[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2006
THOMAS K. KAHN
CLERK

No. 05-15764
Non-Argument Calendar

_____

D. C. Docket No. 04-00182-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNULFO PAREDES URENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 21, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Arnulfo Paredes Urena appeals his 210-month sentence for (1) possession

with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g); and (2) conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), (j). The district court initially sentenced Urena under a mandatory guideline regime to a 210-month term, and we remanded for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Urena, No. 04-15143 manuscript op. at 7-8 (11th Cir. Jul. 22, 2005) (unpublished). On remand, the district court again sentenced Urena to a term of 210 months.

On appeal, Urena argues that although the district court claimed to take into account both the 18 U.S.C. § 3553 factors and the advisory guideline range, the court believed that a sentence must be imposed within the guidelines to be reasonable. Urena contends that the district court's refusal to grant a downward variance in place of a safety-valve reduction, even though it acknowledged that Urena's fear for the safety of his family was credible, demonstrates that the court was rigidly adhering to the guidelines in violation of Booker. Urena asserts that

2

the district court indicated misgivings about the length of the sentence and did not explain how the sentence was just or reasonable, and the court should be allowed to resentence him in light of United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), which clarified the discretion that district courts possess when fashioning sentences post-Booker.

Urena also asserts that the district court erred by failing to adequately take into account his arguments in support of mitigation. Urena avers that the district court merely parroted the 18 U.S.C. § 3553 factors without actually applying them to the specific facts of his case, including (1) his personal history and family circumstance; (2) the nature of the offense and its disparity from other cases that fall within offense level 38; (3) that the offense occurred in the ocean off of Mexico, and no intentional entry into the United States occurred; (4) his position as captain of the boat did not evince an actual leadership position in the drug-trafficking organization; (5) his belief that providing information for the safety-valve reduction would risk his family's safety; and (6) 210 months would result in a sentence 75 months longer or 48% greater than the sentences imposed on his codefendants. Urena contends that for those reasons his 210-month sentence is unreasonable and should be vacated.

After the Supreme Court's opinion in Booker, we review sentences for

reasonableness with the guidelines applied as advisory. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). We review a defendant's ultimate sentence, in its entirety, for unreasonableness in light of the factors in 18 U.S.C. § 3553(a). See id. at 1245. Post-Booker, the district court still must calculate the guidelines correctly. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). Booker did not alter our review of the application of the guidelines or the applicable standards of review. Id.

Factors that the district court should take into account under 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; (5) the advisory guidelines range; and (6) avoiding unwarranted sentence disparities between defendants with similar records. United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). However, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329. Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. Id. at 1329-30. Additionally, we

4

have held that a sentence within the advisory guidelines range is not per se reasonable because to say that a guideline-range sentence is presumptively reasonable would ignore Booker's requirement that the other § 3553(a) factors be considered. Talley, 431 F.3d at 786. We also have noted that the reasonableness review is "deferential" and focuses on whether the sentence imposed achieves the purposes of sentencing as stated in § 3553(a). Id. at 788.

As an initial matter, the district court correctly calculated the guidelines range, which fulfills the first step as required under Booker. Crawford, 407 F.3d at 1178. The district court also correctly weighed the guidelines range with 18 U.S.C. § 3553's other factors to make the final determination of the sentence to impose, and the court did not find that the sentence was per se reasonable. Talley, 431 F.3d at 786. The district court's statements during the sentencing hearing do not demonstrate that the court believed that a sentence within the guidelines range was presumptively reasonable. Although the district court lamented imposing a lengthy sentence on an individual with many children whom he might never see again, the court also expressed its reasons for imposing the sentence, including (1) the need to stem the flow of cocaine into the United States; (2) the need to adequately punish Urena as a more culpable member of the group; and (3) the need to adequately punish Urena based on the inordinate amount of cocaine that was

5

involved in the case.  <u>Scott</u>, 426 F.3d at 1328-29.

The district court repeatedly exhibited its understanding that the guidelines were advisory and that the sentence should be based on the 18 U.S.C. § 3553 sentencing factors.  <u>Id.</u> at 1328-29.  Thus, had the district court believed that Urena's situation warranted a sentence that took into account the unavailability of a safety-valve reduction or did not include the enhancement for Urena's position as captain of the vessel, the court's statements during the sentencing hearing evince its understanding that it could have imposed such a sentence.  <u>Talley</u>, 431 F.3d at 788.[1]  Even if the district court did not more clearly spell out why the sentence was reasonable when taking into account Urena's individual circumstances, the court was under no such obligation.  <u>Scott</u>, 426 F.3d at 1329.  Accordingly, we affirm.

**AFFIRMED.**

---

[1]    As the district court explained during resentencing, "I want it very clear on this record that merely because this case has been remanded in light of <u>Booker</u>, I am not rubber stamping the sentence I previously imposed."