[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2008
THOMAS K. KAHN
CLERK

No. 07-13517
Non-Argument Calendar

_____

D. C. Docket No. 06-00499-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES FERNANDO ESTRADA-OBREGON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 27, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Fernando Estrada-Obregon appeals his conviction after his plea of guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii). He asserts various issues on appeal, which we address in turn. After review, we affirm Estrada-Obregon's conviction.

I.

Estrada-Obregon first asserts the district court lacked jurisdiction over the offense, and his conviction is void, because the factual basis of his plea agreement did not establish the United States' statutory subject-matter jurisdiction over the offense, pursuant to the Maritime Drug Law Enforcement Act (MDLEA). Specifically, Estrada-Obregon argues that, although the factual basis of his plea showed Panama consented to the boarding and search of the vessel, those facts did not show that Panama consented or waived objection to the enforcement of United States law by the United States. In addition, Estrada-Obregon contends the factual basis of his plea failed to establish an offense punishable under the laws of the United States, and the district court erred by accepting the plea. Estrada-Obregon further asserts he would not have pled guilty if he had known the factual proffer was insufficient to establish the United States' jurisdiction over him. Therefore,

2

Estrada-Obregon contends, his plea should be vacated and his case remanded for a new plea or trial, with the Government required to prove that Panama consented to the enforcement of United States law.

The MDLEA provides, "[a]n individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board . . . a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a)(1). A "vessel subject to the jurisdiction of the United States" includes, *inter alia*, "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. § 70502(c)(1)(C). "Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a); *see also United States v. Tinoco*, 304 F.3d 1088, 1112 (11th Cir. 2002).

"[A] guilty plea does not bar an appeal that raises a jurisdictional question." *United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000). "[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002).

A "district court's factual findings with respect to jurisdiction . . . are reviewed for clear error." *Tinoco*, 304 F.3d at 1114. "[T]he government bears the burden of establishing that the statutory requirements of subject matter jurisdiction imposed by the MDLEA have been met." *Id.* We review for plain error, however, an argument raised for the first time on appeal that there was an insufficient factual basis for a guilty plea. *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir.), *cert. denied*, 128 S. Ct. 257 (2007). In order for error to be plain, there must be binding precedent clearly holding that it is such. *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005).

Although Estrada-Obregon argues an issue of subject-matter jurisdiction which is not waived, the basis of his argument is that the Government did not meet its burden to prove a fact underlying the jurisdictional requirement of the MDLEA. Although a district court's factual findings with respect to jurisdiction generally are reviewed for clear error, *Tinoco*, 304 F.3d at 1114, because Estrada-Obregon did not object to the factual proffer below, we review for plain error the district court's implicit factual finding that Panama consented to the enforcement of U.S. law for purposes of the MDLEA's jurisdictional requirement. *See* 46 U.S.C. § 70502(c)(1)(C); *Evans*, 478 F.3d at 1338.

The Government's factual proffer at the plea colloquy does not contain a statement that Panama explicitly consented to the enforcement of U.S. law by the United States. Also, the record contains no documentation of Panama's explicit consent to the enforcement of U.S. law. Rather, the Government stated Panama consented to U.S. authorities' boarding and search of the vessel. By accepting Estrada-Obregon's guilty plea, the district court implicitly found Panama's consent to boarding and search implied at least a waiver of objection to the enforcement of U.S. law for purposes of the MDLEA's jurisdictional requirement. *See* 46 U.S.C. §§ 70502(c)(1)(C), 70503(a)(1).

Where the U.S. Coast Guard routinely intercepts boats in international waters for the purpose of enforcing U.S. law, particularly U.S. drug laws, it is reasonable to conclude that U.S. authorities request permission to board and search vessels for that purpose, and a flag nation that objected to the enforcement of U.S. law would not grant permission to board and search. Neither the MDLEA nor controlling case law provides what the government specifically must do or say to meet its burden of establishing that a flag nation has consented or waived objection to the enforcement of U.S. law. *See Tinoco*, 304 F.3d at 1114; *see generally* 46 U.S.C. §§ 70502-70504. Under these circumstances, any possible error by the district court in finding that Panama at least waived objection to the enforcement of

5

U.S. law cannot be plain. *See Moriarty*, 429 F.3d at 1019; *Chau*, 426 F.3d at 1322. Accordingly, having found that Panama waived objection to enforcement of U.S. law, the district court did not err in failing to *sua sponte* dismiss the case for lack of statutory jurisdiction under the MDLEA, and did not plainly err in accepting Estrada-Obregon's plea. *See* 46 U.S.C. §§ 70502(c)(1)(C), 70503(a)(1).

II.

Estrada-Obregon next argues four constitutional claims. He contends: (1) his offense conduct had no nexus with the United States, and, thus, his prosecution violated due process; (2) the MDLEA violates due process because it is "fundamentally unfair to the extent that it allows forum shopping [by the government], removes the element of jurisdiction from the jury, and precludes defendants from asserting violations of international law as a defense;" (3) the MDLEA violates the Due Process Clause and the Sixth Amendment right to a jury trial because the MDLEA does not require jurisdiction be proven to a jury beyond a reasonable doubt; and (4) the MDLEA represents an *ultra vires* exercise of congressional power under the Piracies and Felonies Clause.

Estrada-Obregon arguably waived appeal of these claims based on this Court's recent decision in *United States v. De La Garza*, __ F.3d __, No. 06-13396, 2008 WL 397456, at *4 (11th Cir. Feb. 15, 2008). His plea agreement was

6

substantially the same as the plea agreement held to waive all non-jurisdictional challenges in *De La Garza*.

Even if these claims are not waived, they each fail under plain error review. *See Moriarty*, 429 F.3d at 1018. First, the Supreme Court has not ruled on the nexus issue, and Estrada-Obregon recognizes a circuit split.[1] Estrada-Obregon acknowledges that in *United States v. Mena*, 863 F.2d 1522, 1527, this Court did not find a nexus requirement in the case of foreign-registered vessels, but he distinguishes his case from *Mena* on the basis that he is presenting an as-applied challenge to the MDLEA rather than a facial challenge as in *Mena*. Although *Mena* addresses a facial rather than an as-applied challenge to the MDLEA, it suggests there is no nexus requirement for foreign-registered vessels. *See Mena*, 863 F.2d at 1527. Because there is no binding precedent clearly holding the MDLEA requires a nexus between a foreign-registered vessel and the United States, any error by the district court in not dismissing the case for lack of nexus could not be plain. *See Chau*, 426 F.3d at 1322. Accordingly, the district court did

---

[1] Estrada-Obregon cites Ninth and Second Circuit cases that required a nexus between conduct on foreign-registered vessels and the United States analogous to the minimum contacts required for personal jurisdiction. *See United States v. Zakharov*, 468 F.3d 1171, 1177 (9th Cir. 2006); *United States v. Yousef*, 327 F.3d 56, 111 (2d Cir. 2003). Estrada-Obregon recognizes, however, that other circuits have held that no nexus is required when the flag nation consents to the enforcement of U.S. law. *See, e.g., United States v. Perez Oviedo*, 281 F.3d 400, 403 (3d Cir. 2002); *United States v. Cardales*, 168 F.3d 548, 553 (1st Cir. 1999).

not plainly err in failing to *sua sponte* dismiss the case for lack of a nexus with the United States.

Second, the district court did not plainly err in failing to *sua sponte* dismiss the case against Estrada-Obregon on the basis that the MDLEA was fundamentally unfair. *See Chau*, 426 F.3d at 1322. We have previously addressed all of Estrada-Obregon's arguments regarding this issue, with the exception of the preclusion of international law defense, and held the MDLEA is facially constitutional as applied to foreign citizens. *See United States v. Rendon*, 354 F.3d 1320, 1325-26 (11th Cir. 2003); *Tinoco*, 304 F.3d at 1109-10; *Mena*, 863 F.2d at 1527. We have also declined to conclude the MDLEA is "fundamentally unfair." *See United States v. Estupinan,* 453 F.3d 1336, 1339 (11th Cir. 2006).

Further, Estrada-Obregon concedes his arguments that the MDLEA violates the Due Process Clause and the Sixth Amendment right to a jury trial because the MDLEA does not require jurisdiction be proven to a jury beyond a reasonable doubt, and that the MDLEA represents an *ultra vires* exercise of congressional power under the Piracies and Felonies Clause, are foreclosed by our prior precedent. We have held subject-matter jurisdiction is not an element of the offense and, therefore, jurisdiction does not need to be submitted to a jury. *Rendon*, 354 F.3d at 1326-27. We have also held a district court "committed no

8

error in failing to *sua sponte* rule that Congress exceeded its authority under the Piracies and Felonies Clause in enacting the MDLEA." *See Estupinan*, 453 F.3d at 1339 (11th Cir. 2006); *see also* U.S. Const. Art.I, § 8, cl.10.  Thus, there is no plain error on these claims as well.

III.

The district court did not err in failing to *sua sponte* dismiss the case for lack of statutory jurisdiction under the MDLEA.  Estrada-Obregon arguably waived his constitutional claims, but even if he did not waive these claims the district court plainly err in failing to *sua sponte* dismiss the case on the basis of any of the constitutional arguments.  Accordingly, we affirm Estrada-Obregon's conviction.

**AFFIRMED.**