[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10636

_____

D.C. No. 1:11-cr-20026-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEISON ARCHIBOLD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2017)

Before MARCUS, ANDERSON, and GINSBURG,* Circuit Judges.

_____

*Honorable Douglas H. Ginsburg, United States Circuit Judge for the District of Columbia
Circuit, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully reviewed the briefs of the parties and relevant parts of the record.  For the reasons fully explored at oral argument, and for the reasons noted below, we conclude that the judgment of the district court should be affirmed.

I.

We conclude that the district court properly found during the § 3582 proceedings that defendant was not entitled to relief under § 3582 and amendment 782 because the "[l]arge quantity of drugs keeps [the] base offense level at 38." The district court necessarily found that this defendant was properly accountable for 450 kilograms of cocaine or more such that, even under amendment 782, the base offense level would remain at 38.  This finding in turn necessarily means that the district court found either: (1) that defendant was accountable for the drug transaction which defendant and McField-Bent were planning in their March 15, 2010, telephone conversation (with respect to which the district court would have inferred involved the usual 400 kilograms of cocaine); or (2) that defendant was accountable for the drug transaction involving 400 kilograms of cocaine about which defendant and McField-Bent were engaged in May of 2010.  The district court was probably relying on the latter.  Especially with respect to the May 2010 transaction, the district court's finding was amply supported by unobjected-to

2

evidence detailed in the PSI Report which was before the district court at sentencing.

The district court's finding was not inconsistent with any finding at the original sentencing, because the only finding at that time was that the quantity of drugs was "well over 150 kilograms." Thus, the district court in this § 3582 proceedings did precisely what this Court in Hamilton[1] directed:

> [I]f the district court finds that its original findings were limited to "at least 1.5 kilograms," the court will need to go further. It will need to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue of whether 8.4 kilograms or more of crack cocaine should be attributed to Hamilton. . . . [The] court may make new findings of fact that are supported by the record and are not inconsistent with the findings made in the original sentencing proceedings. . . . The district court may receive additional briefing but should not consider any new evidence.

715 F.3d at 340. In the instant case, the district court during the § 3582 proceedings would have noted that the only finding made at the original sentencing was that the quantity of drugs was "well over 150 kilograms." According to Hamilton, the district court would need to go further and the district court in this case did in fact go further. It received briefing from the parties, but it did not consider any new evidence that was not before it at the original sentencing. The government's briefing, to which it is significant to note that the defendant did not

---

[1] United States v. Hamilton, 715 F.3d 328, 340 (11th Cir. 2013).

3

respond, expressly pointed out the appropriate procedure pursuant to <u>Hamilton</u>. Under <u>Hamilton</u>, if the defendant has been held responsible by the sentencing court for "at least" the minimum quantity of drugs necessary to qualify for the highest base offense level, level 38, then the § 3582 judge may determine (based solely on the evidence that had initially been before the court at the original hearing) whether there was enough evidence in that record to conclude, by a preponderance of the evidence, that the defendant was only responsible for a drug amount that would qualify him for the sentencing reduction, or, on the other hand, whether the defendant was responsible for a drug amount (450 kilograms of cocaine in this case) which would keep the base offense level at 38 even under the retroactive amendment.

The government briefing then expressly pointed to un-objected-to relevant conduct facts in the PSI – including in particular the 400 kilograms of cocaine involved in the May 2010 transaction – which, when added to the 442 kilograms of cocaine involved in the offense of conviction, totaled well over the 450 kilograms of cocaine necessary to keep the base offense level at 38. The government's brief was filed on December 5, 2014.  The district court's ruling that defendant was "[n]ot eligible for relief under Amendment 782" because "large quantit[ies] of drugs keeps base offense level at 38" was not issued until January 22, 2015.  Thus, defendant, who was counseled during the § 3582 proceedings, had ample time to

4

respond to the government's briefing, but did not.   The unobjected-to facts in the PSI, and the facts and discussion during the sentencing hearing, amply support the district court's finding that the additional 400 kilograms of cocaine involved in the May 2010 transaction constituted relevant conduct properly attributable to the defendant.   Consistent with Hamilton, this finding was based solely on evidence that was already before the district court at the original sentencing, and was not inconsistent with any finding made by the district court at the original sentencing. Accordingly, we cannot conclude that the district court's finding was erroneous.

## II.

The defendant argues for the first time on appeal that the district court in the § 3582 proceedings violated the extradition agreement by treating as relevant conduct the transaction involving 400 kilograms of cocaine about which defendant and McField-Bent agreed with the confidential informant in May 2010.  Because defendant did not preserve this argument on appeal, we review the argument pursuant to the plain error analysis.   In order to establish plain error, a defendant must show that (1) an error existed, (2) it was plain, (3) the error affected his substantial rights, and (4) it seriously affected the fairness, integrity or public reputation of the judicial proceedings.  United States v. DiFalco, 837 F.3d 1207, 1220–21 (11th Cir. 2016) (citations omitted).

We need not resolve the merits of defendant's argument, because we conclude that it is certainly not plain or obvious that defendant's argument would prevail. Thus, defendant has not demonstrated plain error. The language of the extradition agreement does not plainly or obviously prohibit consideration of the May 2010 transaction as relevant conduct with the effect of increasing defendant's base offense level. That language – that the defendant "may not be tried or convicted for a prior act different from the one that is the reason for this extradition" – prohibits only a trial or conviction based on the May 2010 transaction. In this case, the defendant was neither tried nor convicted for the May 2010 transaction. The defendant acknowledges that no Supreme Court or Eleventh Circuit case indicates that the district court's ruling here would have violated the extradition agreement. Indeed, the case law in other circuits strongly suggests that such extradition clauses would not prohibit consideration of the May 2010 transaction as relevant conduct. However, as noted, we need not resolve the merits of this issue because defendant's argument cannot survive the plain error analysis.

### III.

Defendant also argues that the district court lacked subject matter jurisdiction over his offense, citing United States v. Iguaran, 821 F.3d 1335 (11th Cir. 2016), and United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). Defendant's challenge is outside the limited scope of a § 3582 proceeding

6

because § 3582(c)(2) does not authorize a general resentencing.  <u>Dillon v. United States</u>, 130 S.Ct. 2683, 2690-91 (2010).  <u>See also</u> <u>United States v. Bravo</u>, 203 F.3d 778, 781-82 (11th Cir. 2000).  Moreover, Fed.R.Crim.P. 12(b)(2) permits challenges to the subject matter jurisdiction of the court at any time while the case is pending, but defendant's criminal case is no longer pending.  Accordingly, we will not consider defendant's challenge to the district court's subject matter jurisdiction.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.