[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13659
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20858-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANFI GONZALEZ IGUARAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Danfi Gonzalez Iguaran pleaded guilty to one count of conspiring to

distribute cocaine while on board a vessel subject to the jurisdiction of the United

States, in violation of the Maritime Drug Law Enforcement Act (MDLEA), 46

U.S.C. §§ 70503(a)(1), 70506(b).  On appeal, he contends for the first time that the

district court did not have subject matter jurisdiction because the record does not

establish that the vessel in which he was apprehended was subject to the

jurisdiction of the United States.

As an initial matter, the government contends that we should review only for

plain error because Iguaran did not raise his jurisdictional objection in the district

court.[1]  The government is wrong.  See McCoy v. United States, 266 F.3d 1245,

1249 (11th Cir. 2001) ("[J]urisdictional errors are not subject to plain- or harmless-

error analysis.").  The district court's subject matter jurisdiction is a question of

law that we review de novo even when it is raised for the first time on appeal.  See

United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998); see also

Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202

(2011) (noting that "[o]bjections to subject-matter jurisdiction . . . may be raised at

any time"); United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785

(2002) ("[D]efects in subject-matter jurisdiction require correction regardless of

whether the error was raised in district court.").  We review for clear error the

---

[1] In support of its argument that plain error review applies, the government relies on our unpublished decisions in United States v. Estrada-Obregon, 270 F. App'x 978 (11th Cir. 2008), and United States v. Madera-Lopez, 190 F. App'x 832 (11th Cir. 2006).  Neither decision constitutes binding precedent.  See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent."); United States v. Irey, 612 F.3d 1160, 1215 n.34 (11th Cir. 2010) ("Unpublished opinions are not precedential . . . .").

2

district court's factfindings relevant to jurisdiction.  United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002).

The MDLEA makes it a crime to conspire to distribute a controlled substance while on board "a vessel subject to the jurisdiction of the United States." 46 U.S.C. §§ 70503(a)(1), 70506(b).  The Act also states that "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense" and that "[j]urisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge."  46 U.S.C. § 70504(a). Based on that language, this Court has "interpreted the 'on board a vessel subject to the jurisdiction of the United States' portion of the MDLEA as a congressionally imposed limit on courts' subject matter jurisdiction, akin to the amount-in-controversy requirement contained in 28 U.S.C. § 1332."  United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008); see also United States v. Betancourth, 554 F.3d 1329, 1332–33 (11th Cir. 2009).  Thus, "for a district court to have adjudicatory authority over a charge that a defendant conspired to violate the substantive crime defined in [the MDLEA], the Government must preliminarily show that the conspiracy's vessel was, when apprehended, 'subject to the jurisdiction of the United States.'"  De La Garza, 516 F.3d at 1272 (citations omitted).

3

The MDLEA identifies various circumstances that would render a vessel subject to the jurisdiction of the United States. For example, "a vessel without nationality" counts as a "vessel subject to the jurisdiction of the United States" for purposes of the MDLEA. 46 U.S.C. § 70502(c)(1)(A). In turn, the term "vessel without nationality" includes "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." Id. § 70502(d)(1)(B). Under those definitions, if Iguaran and his coconspirators failed, on request of the United States officials who apprehended them, to "make a claim of nationality," their vessel was "without nationality" and "subject to the jurisdiction of the United States."

In this case, the district court did not expressly make any factual findings with respect to its jurisdiction. The government contends, however, that Iguaran's plea agreement, which was consistent with his factual proffer and presentence investigation report, establishes the district court's jurisdiction. In the plea agreement, Iguaran agreed to plead guilty to conspiring to possess with intent to distribute cocaine "with individuals who were on board a vessel that was subject to the jurisdiction of the United States." That statement, the government appears to argue, constitutes an admission of jurisdiction.

4

The government's argument fails because, as we have repeatedly held, "[p]arties may not stipulate jurisdiction." W. Peninsular Title Co. v. Palm Beach Cty., 41 F.3d 1490, 1492 n.4 (11th Cir. 1995); see also Travaglio v. Am. Express Co., 735 F.3d 1266, 1269–70 (11th Cir. 2013) ("[I]t is fundamental that parties may not stipulate to federal jurisdiction."); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983) ("The mere fact that the parties stipulated to jurisdiction does not automatically vest authority in the district court to adjudicate all the issues presented, for subject matter jurisdiction cannot be assumed by the court nor can it be waived by the parties."). Parties may, however, "stipulate to facts that bear on our jurisdictional inquiry." Eng'g Contractors Ass'n of S. Fla. v. Metro. Dade Cty., 122 F.3d 895, 905 (11th Cir. 1997); see also Ry. Co. v. Ramsey, 89 U.S. (22 Wall.) 322, 327 (1874). A court's task is to determine whether "the stipulated facts give rise to jurisdiction." W. Peninsular Title Co., 41 F.3d at 1492 n.4 (emphasis omitted).

In the plea agreement, Iguaran does not admit to facts that give rise to jurisdiction. The agreement does not state, for example, that Iguaran and his coconspirators failed to "make a claim of nationality" upon request when United States officials apprehended them. Instead, it asserts that Iguaran was on a vessel subject to the United States' jurisdiction. That is a question of law and one which, as we have already explained, parties may not stipulate or admit to. See Travaglio,

735 F.3d at 1269–70; W. Peninsular Title Co., 41 F.3d at 1492 n.4; Bush, 703 F.2d at 494.  Iguaran's factual proffer, his presentence investigation report, and the transcript from his change of plea hearing also fail to supply facts which establish that Iguaran's vessel was subject to the jurisdiction of the United States.  And the record is devoid of any other facts that would provide a basis for federal subject matter jurisdiction.  As a result, we are unable to determine whether the district court had jurisdiction over Iguaran's case.

The government points out that one of Iguaran's coconspirators, in a separate proceeding against him, admitted to facts that would establish jurisdiction in their cases.  For example, that coconspirator admitted in his plea agreement that when they were apprehended "none of the defendants claimed to be the master of the vessel," "none made a claim of nationality," and the vessel "was, therefore, a stateless vessel subject to the jurisdiction of the United States."  His admission is irrelevant here because the question is whether the record in Iguaran's case, not some other case, establishes jurisdiction.  It does not.

When a party's failure to challenge the district court's jurisdiction is at least partially responsible for the lack of a developed record, we have said that "the proper course of action . . . is to remand the case to the district court for factual findings" as to jurisdiction.  Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001); see also Belleri v. United States, 712 F.3d 543, 548 (11th Cir. 2013)

6

(stating that when we discover "a serious question regarding the factual predicate for subject-matter jurisdiction, we should remand for a finding to resolve the jurisdictional question") (quotation marks and alteration omitted); Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1020–21 (11th Cir. 2004) (remanding to the district court "for limited purpose of determining whether diversity jurisdiction exists").  Although neither side requests it, a limited remand is the proper course of action in this case.

We therefore remand the case to the district court for the limited purpose of determining whether subject matter jurisdiction exists.  On limited remand, the government "should be afforded an opportunity to submit evidence in support of its assertion" that Iguaran's vessel was subject to the jurisdiction of the United States, and Iguaran should be afforded an opportunity to present evidence that it was not.  Williams, 269 F.3d at 1321.  The district court should then determine whether the government has carried its burden of establishing that the vessel in which Iguaran was apprehended was subject to the jurisdiction of the United States.  If the court determines that the government has proven that, it should reinstate Iguaran's conviction; if the court determines that the government has not proven that, it should enter a judgment dismissing for lack of jurisdiction the charge against Iguaran.

The judgment is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.