[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12294
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20717-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMANCEE OSHAY GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 18, 2017)

Before WILLIAM PRYOR, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Romancee George appeals his conviction after pleading guilty to carjacking, in violation of 18 U.S.C. § 2119(1).  On appeal, George argues that the district court lacked subject-matter jurisdiction to convict him because the government failed to demonstrate that George had the requisite intent to cause serious bodily injury or death: a required element of his offense.  No reversible error has been shown; we affirm.

We review de novo the district court's subject-matter jurisdiction, even when raised for the first time on appeal.  United States v. Iguaran, 821 F.3d 1335, 1336 (11th Cir. 2016).  "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction."  United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014).

Here, the indictment -- tracking the pertinent statutory language -- stated that George "with the intent to cause death and serious bodily harm, did take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce . . . from the person and presence of another . . . by force and violence, and by intimidation, in violation of Title 18, United States Code, Section 2119(1)

2

and 2." Because the indictment charged George with violating a valid federal statute, the district court had subject-matter jurisdiction over George's criminal case. See id.

George's contention that the government failed to provide a factual basis sufficient to prove the intent element of the crime does not implicate the district court's subject-matter jurisdiction over the case.[*] See United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1984) (defendant's claim that an insufficient factual basis existed to support the indictment was non-jurisdictional).

AFFIRMED.

---

[*] George denies expressly that he is challenging the sufficiency of the evidence to support his guilty plea. His challenge is only to the district court's jurisdiction.