[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11542
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20880-JAL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL MEJIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 22, 2018)

Before MARCUS, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Miguel Mejia appeals his conviction for conspiracy and possession with intent to distribute more than five kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b)

of the Maritime Drug and Law Enforcement Act ("MDLEA").  Mejia argues that: (1) the district court lacked subject matter jurisdiction to prosecute him because the court gave the government's unsubstantiated assertion that his go-fast vessel ("GFV") was stateless conclusive weight without making an independent finding as to the vessel's alleged statelessness; and (2) 46 U.S.C. § 70502(d)(2), as amended in 2006, is unconstitutional because it strips the judiciary of its power to determine jurisdiction and gives that power to the Executive Branch, in violation of the separation of powers doctrine, and in direct conflict with our decision in United States v. Rojas, 53 F.3d 1212, 1214 (11th Cir. 1995), superseded by statute as stated in United States v. Campbell, 743 F.3d 802, 803-04 (11th Cir. 2014).  After careful review, we affirm.

We review a district court's determination of subject matter jurisdiction de novo.  United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003); United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).

The MDLEA criminalizes knowingly or intentionally manufacturing or possessing a controlled substance, with or without intent to distribute, aboard a vessel subject to the jurisdiction of the United States.  46 U.S.C. § 70503(a)(1).  Section 70506(b) of the MDLEA provides that "[a] person attempting or conspiring to violate section 70503 of this title is subject to the same penalties as provided for violating section 70503."  Id. § 70506(b).  Under the MDLEA, a

2

"vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." Id. § 70502(c)(1)(A). In turn, the term "vessel without nationality" includes a vessel for which the claimed nation of registry "does not affirmatively and unequivocally assert that the vessel is of its nationality." Id. § 70502(d)(1)(C); see also United States v. Tinoco, 304 F.3d 1088, 1115 (11th Cir. 2002) (response from Colombian government that it could not confirm nor deny a vessel's registry did not affirmatively and unequivocally assert that the vessel was of Colombian nationality). A verbal claim of nationality by the master or person in charge of the vessel counts as a claim of nationality or registry. 46 U.S.C. § 70502(e)(3).

We have interpreted the "on board a vessel subject to the jurisdiction of the United States" provision of the MDLEA as a congressionally imposed limit on a court's subject matter jurisdiction. United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008); see also Tinoco, 304 F.3d at 1107. The government bears the burden of establishing MDLEA jurisdiction. Tinoco, 304 F.3d at 1114. Notably, jurisdictional issues arising under the MDLEA are not elements of the offense, but instead are "preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a). Therefore, "for a district court to have adjudicatory authority over a charge that a defendant violated [§ 70506(b)], the [g]overnment must preliminarily show that the conspiracy's vessel was, when apprehended, subject to the jurisdiction of the United States." De La Garza, 516

3

F.3d at 1272 (quotations omitted).  Parties to a criminal case may not stipulate jurisdiction but may stipulate to facts that bear on the jurisdictional inquiry. United States v. Iguaran, 821 F.3d 1335, 1337 (11th Cir. 2016).

In 2006, Congress amended § 70502(d)(2) into its current form, which states that certification by the Secretary of State or the Secretary's designee is conclusive proof of a foreign nation's response to a claim of registry.  46 U.S.C. § 70502(d)(2); United States v. Hernandez, 864 F.3d 1292, 1300-01 (11th Cir. 2011). A foreign nation's "response" includes a denial, a non-denial or non-confirmation, or a confirmation.  Hernandez, 864 F.3d at 1301.  Prior to this amendment, the conclusive proof provision only applied to a foreign nation's denial of a claim of registry.  46 U.S.C. § 70502(d)(2) (2006).

The separation of powers doctrine is implicated when the actions of another branch "threaten an Article III court's independence and impartiality in the execution of its decisionmaking function."  Rojas, 53 F.3d at 1214.  In Rojas, we rejected a separation of powers challenge to a prior version of the MDLEA's certification provision,[1] concluding that the provision "merely provid[ed] a method by which the Executive Branch [might] evidence that it ha[d] obtained a foreign

---

[1] The version of the MDLEA at issue in Rojas provided that "[c]onsent or waiver of objection by a foreign nation to the enforcement of United States law by the United States . . . may be proved by the certification of the Secretary of State or the Secretary's designee."  46 U.S.C. app. § 1903(c)(1) (emphasis added); see Rojas, 53 F.3d at 1213-14.  The statute further provided that the denial of a claim of registry "may be proved by certification of the Secretary of State or the Secretary's designee."  46 U.S.C. app. § 1903(c)(2) (emphasis added).

nation's consent [or waiver of objection] to jurisdiction." Id. We explained that the MDLEA did not dictate a court's jurisdictional decision because "[n]othing in the certification procedure deprive[d] the court of its ability and obligation to determine whether the requirements of the MDLEA ha[d] been met, [and] [u]nder the MDLEA, courts [were] free to determine . . . whether a proffered certificate [was] sufficient evidence of jurisdiction." Id. at 1214-15. Moreover, we've held that, under the amended MDLEA, "courts must still determine whether the MDLEA's jurisdictional requirements have been met." United States v. Wilchcombe, 838 F.3d 1179, 1186 (11th Cir. 2016).

Under the revised MDLEA, the government is still required to prove that a vessel was without nationality, in accordance with § 70502(d)(1), and thus a vessel subject to U.S. jurisdiction under § 70502(c)(1)(A). See Hernandez, 864 F.3d at 1298-99. In Hernandez, we held that the district court properly determined that the vessel was a vessel within the jurisdiction of the United States because the government provided a certificate by the Secretary of State's designee, which declared that the self-identified master of the vessel claimed that the ship was registered in Guatemala, and in response to the U.S. Coast Guard's request for confirmation of that claim, the Guatemalan government stated that it could neither confirm nor deny Guatemalan registry of the vessel. Id. We rejected the defendants' argument that the vessel was actually registered in Guatemala and

5

noted: "MDLEA statelessness does not turn on actual statelessness, but rather on the response of the foreign government. Arguing actual registry against the certification therefore misses the mark." Id. at 1299.

Here, the district court properly determined that Mejia's GFV was a vessel subject to the jurisdiction of the United States because it was a vessel without nationality within the meaning of the plain text of the MDLEA. Contrary to Mejia's argument, the record is not devoid of any evidence that the GFV satisfied the statutory requirements for jurisdiction. In his factual proffer, Mejia admitted that: (1) his codefendant claimed that the vessel was registered in Venezuela; (2) the Coast Guard asked the Venezuelan government to confirm or deny the vessel's registry; and (3) the Venezuelan government responded that it could neither confirm nor deny the vessel's nationality. Moreover, Mejia confirmed the veracity of these facts at his change-of-plea hearing.

As the self-identified master of the vessel, Mejia's codefendant's verbal claim of Venezuelan nationality constituted a claim of nationality or registry under § 70502(e)(3). In turn, the Venezuelan government's response to this claim -- that it could neither confirm nor deny the vessel's nationality -- meant that Venezuela did not "affirmatively and unequivocally assert" the vessel's registry within the meaning of § 70502(d)(1)(C). See Hernandez, 864 F.3d at 1299. The absence of such an assertion rendered Mejia's GFV a vessel without nationality, see 46 U.S.C.

6

§ 70502(d)(1)(C), and therefore, a vessel subject to U.S. jurisdiction, see id. § 70502(c)(1)(A), to which the MDLEA's criminal prohibition against conspiracy to possess a controlled substance with distributary intent applied, see id. §§ 70503(a)(1), 70506(b). Mejia thus stipulated to facts that gave rise to the district court's proper exercise of subject matter jurisdiction under the MDLEA. See Iguaran, 821 F.3d at 1337. Therefore, the district court did not err in finding that, based on his factual proffer, the government satisfied its burden in establishing that Mejia's vessel was subject to U.S. jurisdiction. See De La Garza, 516 F.3d at 1272; Tinoco, 304 F.3d at 114.

As for Mejia's constitutional challenge, the district court relied on Mejia's factual proffer in finding that his vessel was within the jurisdiction of the United States, not a certificate provided by the Secretary of State or his designee. As a result, Mejia's argument regarding the constitutionality of § 70502(d)(2) is unavailing, since the MDLEA's certification procedure did not apply to the district court's exercise of jurisdiction in his case.

In any event, § 70502(d)(2)'s conclusive proof provision does not violate the separation of powers doctrine or relieve the government of its burden of establishing subject matter jurisdiction. First, Mejia's reliance on Rojas to support his separation of powers argument is misplaced. In Rojas, we held that the MDLEA's certification procedure did not violate the Constitution's separation-of-

7

powers doctrine because it did not dictate a court's jurisdictional decision.  See Rojas, 53 F.3d at 1214-15.   Rather, the certification procedure only provided the Executive Branch with a method to show that it had obtained a foreign nation's response to a claim of registry.  See Rojas, 53 F.3d at 1214-15.  Moreover, while § 70502(d)(2) now provides that the foreign nation's response is "proved conclusively" by certification, nothing in the provision deprives the district court of its power to determine whether the MDLEA's jurisdictional requirements have been met.  See Wilchcombe, 838 F.3d at 1186.

Further, as we noted in Hernandez, whether a vessel is without nationality, in accordance with § 70502(d)(1), and thus subject to U.S. jurisdiction, pursuant to § 70502(c)(1)(A), turns on the response of the foreign government and not the vessel's "actual statelessness."   See Hernandez, 53 F.3d at 1299.  Therefore, the government must still show that the foreign nation's response in the proffered certificate results in statutory statelessness in order for the district court to exercise jurisdiction, and Mejia's argument that the government failed to establish that his vessel was actually stateless is without merit.  See id. at 1298-99.

Accordingly, we affirm Mejia's conviction and sentence.

**AFFIRMED**.