[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10079
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cv-80286-RLR


MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

                                        Plaintiff - Counter Defendant - Appellee,

versus

JWN CONSTRUCTION, INC.,
an inactive Florida corporation,

                                        Defendant - Counter Claimant,

UNDERWRITERS AT LLOYD'S, LONDON,
a foreign corporation,
a.k.a. Dr. Michael Flax,

                                        Defendant,

MICHAEL D. FLAX,
an individual,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2020)

Before JORDAN, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Michael D. Flax appeals the district court's order granting in part Plaintiff Mid-Continent Casualty Company's motion to award attorney's fees and costs following a grant of summary judgment to Plaintiff. Defendant Flax does not challenge the correctness of the district court's summary judgment or fee award orders or dispute Plaintiff's status as a prevailing party entitled to be awarded costs in the district court action. Instead, Flax asserts only that the district court orders should be vacated because the district court lacked subject matter jurisdiction over this diversity action.

As to that assertion, it is undisputed that Plaintiff failed to establish in its complaint that complete diversity existed between it and all co-defendants. In particular, Plaintiff concedes it did not sufficiently allege facts establishing the citizenship of the syndicates of co-defendant Underwriters at Lloyd's, London ("Lloyd's"). Nevertheless, following settlement of all claims asserted by Plaintiff against Lloyds, the district court dismissed Lloyd's pursuant to Federal Rule of

2

Civil Procedure 21, which permits district courts to dismiss a dispensable, nondiverse party at any time.  After careful review, we find the Rule 21 dismissal of Lloyd's cured any jurisdictional defect that existed at inception of this case and we affirm the district court's order awarding costs to Plaintiff.

## I.    BACKGROUND

Defendant Flax (hereinafter "defendant Homeowner") contracted with Defendant JWN Construction, Inc. (hereinafter "defendant Builder") to build a residential home.  Defendant Builder had a general commercial liability insurance policy with Plaintiff; defendant Lloyd's issued defendant Homeowner a homeowner's insurance policy.

Defendant Homeowner's home suffered water damage.  Lloyd's made payments to defendant Homeowner for the damage pursuant to the insurance policy it had issued to him.

Defendant Homeowner and Lloyd's then sued defendant Builder in Florida state court, alleging faulty workmanship.  Given that litigation, and invoking federal diversity jurisdiction, Plaintiff filed the present declaratory judgment action to determine whether, as defendant Builder's commercial liability insurer, it owed a duty to indemnify and defend its insured in the state court action.

Plaintiff named Lloyd's as a defendant in its capacity as subrogee and property insurer for defendant Homeowner.  Plaintiff alleged that "Lloyd's is a

3

foreign insurer authorized to transact business in Florida," but did not allege the citizenship of the Lloyd's syndicates that underwrote the policy issued to defendant Homeowner. Nevertheless, Defendants litigated Plaintiff's claim without articulating any potential jurisdictional issue based on that omission.

On December 19, 2017, about nine months after initiating this suit, Plaintiff filed a motion for summary judgment against defendant Homeowner and defendant Builder. On that same day, Plaintiff filed a Notice of Settlement advising the district court that it had settled with Lloyd's and would file a stipulation for dismissal of all claims against Lloyd's once the settlement documents were signed. Thus, Plaintiff did not file for summary judgment against Lloyd's.[1]

In its summary judgment order, the district court determined that the general commercial liability insurance policy Plaintiff issued to defendant Builder did not require it to indemnify or defend defendant Builder in the state court suit brought by defendant Homeowner alleging negligent construction of his home. Accordingly, the district court entered final judgment in favor of Plaintiff against defendant Homeowner and defendant Builder.

---

[1] Plaintiff stated in its summary judgement papers that it had settled all claims between it and Lloyd's. It explained that the settlement pertained to the property damage payment that Lloyd's made to the homeowner, and was not payment for any damages caused by alleged defective construction work, which Lloyd's maintained was excluded under the policy it issued to defendant Homeowner.

As a prevailing party, Plaintiff moved for fees and costs. Shortly thereafter, defendant Builder and defendant Homeowner appealed the summary judgment decision. The district court exercised its discretion to stay Plaintiff's motion for fees and costs pending appeal.

At the time the case came to us on appeal of the summary judgment ruling, Plaintiff still had not filed the promised stipulation dismissing Lloyd's from the action. After reviewing the pleadings, we questioned whether subject matter jurisdiction existed and requested the parties to provide their positions regarding whether the pleadings sufficiently alleged the citizenship of Lloyd's. We invited the parties to address potential remedies to cure any jurisdictional deficiency. In response, defendant Homeowner, joined by defendant Builder, argued that Plaintiff's complaint failed to adequately identify and allege the citizenship of Lloyd's' syndicates, that Plaintiff could not cure that defect, and that we should therefore dismiss the action for lack of subject matter jurisdiction and vacate all decisions of the district court.

Plaintiff responded to our jurisdictional question by acknowledging that the allegations in the complaint with respect to Lloyd's were insufficient to establish subject matter jurisdiction. However, Plaintiff explained that it had settled all claims with Lloyd's before the district court granted summary judgment and that Lloyd's was "no longer a party with any interest in this litigation." Plaintiff argued

the settlement cured any jurisdictional defect.  Alternatively, Plaintiff filed a motion to amend the pleadings and to supplement the record on appeal to cure the jurisdictional defect in the complaint.  Plaintiff proposed that it could either amend its complaint to drop Lloyd's as a party because the settlement agreement mooted any issues between Plaintiff and Lloyd's or it could amend its complaint and supplement the record to establish that Lloyd's was not a citizen of Ohio, Plaintiff's state of incorporation, or Oklahoma, Plaintiff's principal place of business, meaning that complete diversity would have existed.

In view of the parties' submissions, we posed two additional questions to determine whether we had jurisdiction:  (1) whether the district court's judgment was final in light of Plaintiff's notice of anticipated settlement with Lloyd's, but no subsequent entry of dismissal of Lloyd's and (2) whether Lloyd's is a dispensable party.  We never heard from the parties on those questions because, despite receiving three extensions, defendants Homeowner and Builder failed to timely file their opening appeal briefs.  Accordingly, we dismissed the appeal for want of prosecution and deemed Plaintiff's motion to amend the complaint and supplement the record moot.

The case returned to the district court for resolution of Plaintiff's motion for fees and costs that the district court had stayed pending appeal.  Before the district court considered Plaintiff's motion, defendant Homeowner filed a motion to

6

dismiss for lack of subject matter jurisdiction, arguing that the complaint describes Lloyd's as a necessary party, that the presence of Lloyd's as a party destroyed diversity, and, consequently, that the judgment should be vacated and the case dismissed.

Plaintiff and Lloyd's responded by filing a Joint Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), dismissing Lloyd's from the case with prejudice. The next day, the district court entered a paperless order denying defendant Homeowner's motion to dismiss without prejudice because "a fundamental premise of the Motion was that [Lloyd's] was an active party to the case and [Lloyd's] has subsequently been dismissed from this case." Although the district court stated that defendant Homeowner could file an amended motion to dismiss, he never did so.

Instead, defendant Homeowner filed only a response to Plaintiff's motion to tax costs against the defendants,[2] challenging only Plaintiff's calculation of those costs[3] Defendant Homeowner did not dispute Plaintiff's status as a prevailing party. Nor did he raise any jurisdictional challenge in opposing Plaintiff's reinstated motion for costs. The Magistrate Judge issued a Report and

---

[2] Plaintiff informed the district court that it no longer sought attorneys' fees in its reinstated motion.

[3] Plaintiff had sought $14,183.27 in costs. Defendant Homeowner argued that Plaintiff should be awarded only $6306.50 in costs.

Recommendation ("R&R") recommending that Plaintiff be reimbursed for $9,954.30 in costs.

It was only in his objections to the Magistrate Judge's R&R that defendant Homeowner, joined by defendant Builder, argued that "Plaintiff did not properly dismiss Lloyd's, and, since there was no jurisdiction at the time of filing of the Complaint, an award of costs is inappropriate, and this Court must vacate any orders and decisions and dismiss this action, for want of subject matter jurisdiction."  Plaintiff asserted that the Lloyd's dismissal came after he raised the lack of subject matter jurisdiction and that it failed to comply with the requirement of Fed. R. Civ. P. 41(a)(1)(A)(ii) that the stipulation of dismissal be "signed by all parties who have appeared" because neither defendant Homeowner nor defendant Builder had signed the dismissal.

Plaintiff responded to defendant Homeowner's jurisdictional objection, noting that Rule 41(a) applies to dismissals of the entire action and that nothing in the Federal Rules required Plaintiff to obtain defendant Homeowner's signature to dismiss its claims against Lloyd's.  Plaintiff also noted that Rule 21 permitted a district court to drop a dispensable nondiverse party at any time.

The district court adopted the Magistrate Judge's R&R over defendant Homeowner's objections, awarding Plaintiff $9,954.30 in costs against defendant

Homeowner and defendant Builder.  As to the jurisdictional issue, the district court

stated:

> Plaintiff and Defendant [Lloyd's] previously stipulated to the dismissal with prejudice of Lloyd's.  DE 126.  The Court construes that Stipulation as a Motion to dismiss Lloyd's as a party to this matter and grants the Motion *nunc pro tunc*.  *See* Fed. R. Civ. P. 21; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (explaining that Rule 21 permits a court to dismiss a dispensable, nondiverse party at any time, including after judgment has been rendered).  This dismissal removes the question of whether complete diversity exists.

Defendant Homeowner now appeals the district court's award of costs, raising only

the issue of whether subject matter jurisdiction exists in this case.

## II.    DISCUSSION

### A.    Standard of Review

Defendant Homeowner requests that we vacate all rulings of the district

court and dismiss this case for lack of subject matter jurisdiction.  "The district

court's subject matter jurisdiction is a question of law that we review *de novo*."

*United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016).  As explained

below, we find that the district court's dismissal of Lloyd's pursuant to Federal

Rule of Civil Procedure 21 cured any jurisdictional defect that existed at the time

Plaintiff filed suit.

9

**B.    The District Court Had Subject Matter Jurisdiction to Decide Plaintiff's Claims Against Defendant Homeowner and Defendant Builder**

Defendant Homeowner contends that the district court lacked subject matter jurisdiction from the inception of this action because the complaint described Lloyd's as a "necessary party" and failed to sufficiently allege Lloyd's' citizenship, a requirement to establish compete diversity.  District courts have subject matter jurisdiction based on diversity of citizenship if the amount in controversy exceeds $75,000 and the case is between citizens of different states.  28 U.S.C. § 1332(a).  "It is axiomatic that lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998).  Complete diversity requires "every plaintiff [to] be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green*, 490 U.S. at 830.

Here, Plaintiff concedes that allegations in its complaint with respect to the citizenship of Lloyd's were insufficient to establish complete diversity and provide subject matter jurisdiction.  But that does not end our inquiry.  Federal Rule of Civil Procedure 21 provides an exception to the general rule that jurisdiction depends on the facts as they exist when the complaint is filed.  *Newman-Green*,

10

490 U.S. 826 at 830–32.  Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed R. Civ. P. 21.  "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."  *Id*. at 832.  The district court applied that well recognized authority in construing the Joint Stipulation of Dismissal as a motion to dismiss and dismissing Lloyd's *nunc pro tunc* pursuant to Rule 21.[4]

We find defendant Homeowner's assertion that the district court failed to examine whether Lloyd's was a necessary nondiverse party at the time of filing of this action unpersuasive.  This argument ignores the court's authority to retroactively restore complete diversity through a Rule 21 dismissal of a dispensable party.  *Newman-Green*, 490 U.S. at 832–33; *Ingram*, 146 F.3d at 862–63.  It is clear from the court's ruling that it deemed Lloyd's a dispensable party following settlement of all claims Plaintiff asserted against Lloyd's.[5]  Moreover,

---

[4]  When dismissing Lloyd's to cure the jurisdictional defect, the district court cited Rule 21 and *Newman-Green*, complete with a parenthetical description of the relevant exception. Nevertheless, defendant Homeowner never addressed Rule 21 or *Newman-Green* in his opening brief.  Instead, defendant Homeowner asserted without explanation that Lloyd's "appears to still be a party of record" and therefore "it is unnecessary to address the effect of their dismissal upon diversity jurisdiction."  Compounding that error, defendant Homeowner incorrectly asserts in his reply brief that the district court never mentioned the Rule 21 exception articulated in *Newman-Green*.  Defendant Homeowner's assertion is clearly contradicted by the record.

[5]  Defendant Homeowner belatedly argues in his reply brief that the district court never determined that Lloyd's was a dispensable party.  Although the district court did not expressly state that Lloyd's was a dispensable party, the court's invocation of Rule 21 and the citation of *Newman-Green* for the proposition that "Rule 21 permits a court to dismiss a dispensable,

11

defendant Homeowner makes no argument here, or below, that Lloyd's was a necessary or indispensable party following settlement of the claims against it and we see nothing in the record to suggest that defendant Homeowner was prejudiced by the dismissal of Lloyd's.

The district court need not engage in the pointless exercise of dismissing the entire suit, only to have Plaintiff refile in the district court against only defendants Homeowner and Builder. *Newman-Green*, 490 U.S. at 837. The district court properly exercised its authority under Rule 21 to avoid that impracticality and cure the admitted jurisdictional deficiency by dismissing Lloyd's *nunc pro tunc*. Therefore, we conclude that we have subject matter jurisdiction and we affirm the district court's order awarding costs incurred in the district court action to Plaintiff.[6]

---

nondiverse party at any time" clearly reflects a determination that Lloyd's was a dispensable party following settlement of all claims brought against Lloyd's. Docket Entry 163 at 2 (emphasis added). In any event, we find Lloyd's a dispensable party. "[C]ourts of appeals have the authority to dismiss a dispensable nondiverse party" and retroactively restore complete diversity. *Newman-Green*, 490 U.S. at 837; *Ingram*, 146 F.3d at 862–63. In its complaint, Plaintiff described Lloyd's as a "necessary" party because its "rights, if any, may be impacted by the Court's decision." That is no longer true because Plaintiff settled all claims against Lloyd's. Moreover, the absence of Lloyd's has no effect on whether complete relief could be afforded the remaining parties on the question of coverage under the commercial general liabilities policy issued by Plaintiff to defendant Builder. Accordingly, "it is evident that none of the parties will be harmed by [Lloyd's'] dismissal." *Newman-Green*, 490 U.S. at 838.

[6] Plaintiff requests that we impose sanctions against defendant Homeowner under Federal Rule of Appellate Procedure 38 for pursuing a frivolous appeal. In other words, Plaintiff seeks not just the costs it has incurred in litigating the present appeal, which it will be awarded, but also its attorney's fees and expenses. "Rule 38 sanctions are appropriately imposed against appellants who raise 'clearly frivolous claims in the face of established law and clear facts.'" *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016), quoting *Farese v. Scherer*, 342 F.3d

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court.

---

1223, 1232 (11th Cir. 2003) (internal quotation marks omitted).  "For purposes of Rule 38, a claim is clearly frivolous if it is 'utterly devoid of merit.'"  *Id*., quoting *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993).

   Certainly defendant Homeowner's appeal here is without merit, and it is a close call whether one might also deem it to be a frivolous appeal.  Yet, while we find defendant Homeowner's argument unpersuasive, we do not find it so utterly devoid of merit as to compel the awarding of sanctions.

13