[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13758

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ORLANDO GRUESO VALENCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00380-SCB-AAS-3

_____

Before ROSENBAUM, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Orlando Grueso Valencia appeals his conviction for one count of conspiring to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States.  On appeal, he argues for the first time that the district court erred by failing to determine *sua sponte* that 46 U.S.C. § 70502(d)(1)(C), the provision in the Maritime Drug Law Enforcement Act ("MDLEA") that defines "vessels without nationality," is unconstitutional under the Felonies Clause, U.S. Const. art. I, § 8, cl. 10.  Having read the parties' briefs and reviewed the record, we affirm Valencia's conviction.

## I.

A district court's subject-matter jurisdiction "is a question of law that we review *de novo* even when it is raised for the first time on appeal." *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016).  Likewise, we normally review *de novo* the constitutionality of a criminal statute.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  Nevertheless, when a non-jurisdictional constitutional challenge is raised for the first time on appeal, we review for plain error only.  *Id.* at 715; *United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019).  Plain error occurs when "(1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or

public reputation of judicial proceedings." *Wright*, 607 F.3d at 715 (quotation marks omitted). "When neither this Court nor the Supreme Court have resolved an issue, there can be no plain error in regard to that issue." *Vereen*, 920 F.3d at 1312.

## II.

Article I of the Constitution empowers Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. Art. I, § 8, cl. 10. Pursuant to this Clause, Congress enacted the MDLEA to prohibit knowing and intentional possession with intent to distribute a controlled substance onboard a vessel subject to the jurisdiction of the United States. *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014); 46 U.S.C. § 70503(a)(1). The MDLEA describes a number of circumstances in which a vessel is subject to the jurisdiction of the United States, including when it is "a vessel without nationality" or a vessel registered in a foreign nation that has consented to, or waived objection to, the defendant's prosecution in the United States. 46 U.S.C. § 70502(c)(1)(A), (C). A vessel without nationality includes "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C).

A person charged with a violation of the MDLEA "does not have standing to raise a claim of failure to comply with international law as a basis for a defense." *Id.* § 70505; *see United States v. Hernandez*, 864 F.3d 1292, 1301-02 (11th Cir. 2017). Such a claim

4                    Opinion of the Court                    21-13758

"may be made only by a foreign nation," and "does not divest a court of jurisdiction." 46 U.S.C. § 70505. Accordingly, "any battle over the United States' compliance with international law in obtaining MDLEA jurisdiction should be resolved nation-to-nation in the international arena, not between criminal defendants and the United States in the U.S. criminal justice system." *Hernandez*, 864 F.3d at 1302.

We have previously held that Congress did not exceed its power under the Felonies Clause in enacting the MDLEA. *Id.* at 1303; *Campbell*, 743 F.3d at 810-12; *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006). We have "always upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies Clause." *Campbell*, 743 F.3d at 810 (quotation marks omitted). "Congress may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems." *Id.* (quotation marks omitted). Moreover, because narcotics trafficking is condemned universally by law abiding nations, there is "no reason to conclude that it is fundamentally unfair for Congress to provide for the punishment of persons apprehended with narcotics on the high seas." *Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006) (quotation marks omitted).

## III.

As an initial matter, we review Valencia's constitutional challenge for plain error. Valencia does not contend on appeal that

the stipulated facts in the plea agreement are incorrect, or that under the stipulated facts, he is not subject to jurisdiction under § 70502(d)(1)(C) as written. Instead, his argument is that the statute, as applied to him, is unconstitutional. As Valencia acknowledges, there is no binding precedent from this Court or the Supreme Court that directly addresses the specific issue of personal jurisdiction under § 70502(d)(1)(C). Thus, Valencia cannot show that any error was plain. *Vereen*, 920 F.3d at 1312.

Likewise, even if we deem Valencia's argument to relate to the district court's subject-matter jurisdiction and review it *de novo*, it still fails, as he has not shown any error. We have consistently found that the MDLEA is a permissible exercise of congressional power under the Felonies Clause. *Campbell*, 743 F.3d at 810-12; *Hernandez*, 864 F.3d at 1303; *Estupinan*, 453 F.3d at 1338. We have also stated, as has Congress, that asserting a violation of international law is not a defense under the MDLEA. 46 U.S.C. § 70505; *Hernandez*, 864 F.3d at 1301-02. Valencia has not shown that § 70502(d)(1)(C) is an unconstitutional exercise of congressional authority under the Felonies Clause. Accordingly, based on the aforementioned reasons, we affirm Valencia's conviction.

**AFFIRMED.**