[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11844

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SEGUNDO DARIO BRAVO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00135-JB-N-1

_____

_____

No. 22-11845

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WALTHER DAGOBERTO VERA QUIJIJE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00135-JB-N-2

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Segundo Bravo Lopez appeals his convictions for conspiracy to distribute cocaine on board a vessel subject to U.S. jurisdiction and for possession with intent to

distribute cocaine on board a vessel subject to U.S. jurisdiction, as well as his concurrent 168-month sentences. Codefendant Walther Vera Quijije appeals his conviction for possession with intent to distribute cocaine on board a vessel subject to U.S. jurisdiction.

The defendants make two arguments on appeal. First, they both argue that the district court lacked jurisdiction to hear the charges against them because Congress, in the Maritime Drug Law Enforcement Act, exceeded its authority under the Constitution's Felonies Clause in two ways: by defining "vessels without nationality" to include vessels that are not recognized as stateless under international law and by not requiring a nexus between a stateless vessel and the United States. Second, Bravo Lopez (but not Vera Quijije) challenges the substantive reasonableness of his sentence and argues that the district court improperly focused on the amount of drugs and ignored his personal history. After careful consideration of the record, we affirm.

## I

Both defendants argue that the district court lacked jurisdiction to hear the charges against them because the Maritime Drug Law Enforcement Act, at least in part, is unconstitutional.[1]

---

[1] We review a district court's subject-matter jurisdiction de novo. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016). Arguments as to subject-matter jurisdiction may not be waived. *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008). We likewise normally review de novo the constitutionality of a criminal statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). The government suggests that the defendants may have waived their Felonies-Clause arguments—despite their jurisdictional character—and that

## A

First, they argue that a definition in the Maritime Drug Law Enforcement Act exceeds Congress's authority under the Constitution's Felonies Clause. U.S. Const. art I, § 8, cl. 10 ("The Congress shall have Power . . . [t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations."). In particular, they take the view that Congress's Felonies-Clause power is constrained by principles of international law, and that the definition of "vessel without nationality" found in 46 U.S.C. § 70502(d)(1)(C) is inconsistent with international law. But we recently considered and rejected precisely this argument, holding that Congress "did not act beyond the grant of authority in the Felonies Clause when defining . . . a 'vessel without nationality.'" *United States v. Canario-Vilomar*, — F.4th —, 2025 WL 517060, at \*1 (11th Cir. Feb. 18, 2025).

## B

The defendants also argue that the Maritime Drug Law Enforcement Act is an unconstitutional exercise of Congress's Felonies Clause authority because it requires no nexus between a stateless vessel and the United States. Vera Quijije further argues that the Act violates his due process rights by not requiring a U.S. nexus. We have heard these arguments before. In *United States v. Campbell*, we held that "the conduct proscribed by the Act need not have a

therefore plain-error review may be appropriate. But because the arguments straightforwardly fail under our precedents, even on de novo review, there is no need to consider waiver.

nexus to the United States because universal and protective principles support its extraterritorial reach." 743 F.3d 802, 810 (11th Cir. 2014). And we have repeatedly rejected nexus-based due process challenges to the Act. *See, e.g.*, *Canario-Vilomar*, 2025 WL 517060, at *6; *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020); *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003) (collecting cases).

⋆   ⋆   ⋆

All the defendants' constitutional challenges to the Maritime Drug Law Enforcement Act have been considered and rejected before in published Eleventh Circuit decisions. We therefore also reject them now.

## II

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We will not vacate a sentence solely because we could reasonably conclude that a different sentence was more appropriate. *Gall*, 552 U.S. at 51. Rather, we vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a)

factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation and quotation marks omitted).

Bravo Lopez's sentence was not an abuse of discretion. The district court, in deciding not to vary downward, stated that the amount of cocaine in this case was especially concerning because it could have negatively affected countless lives. True, the court placed a heavy emphasis on the amount of cocaine—but it was free to place a greater emphasis on a relevant factor. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1259–60 (11th Cir. 2015). The district court weighed Bravo Lopez's difficult background and that the cartel considered him to be expendable. And the court voluntarily applied the safety valve to reduce Bravo Lopez's guideline sentence. Nonetheless, after taking into account all of this, the court reasonably determined that the amount of cocaine was the most significant factor and that it weighed against granting a downward variance. Also, the fact that the district court sentenced Bravo Lopez to 168 months—at the bottom of the guideline range and far below the statutory maximum of life—further indicates that Bravo-Lopez received a substantively reasonable sentence. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). The district court did not abuse its discretion in sentencing Bravo Lopez to the low-end of his guideline range because it considered and expressed sympathy for Bravo Lopez's situation but ultimately determined that the amount of cocaine he possessed justified a guideline sentence.

### III

For the foregoing reasons, we hold as follows:  First, as we have already held, the Maritime Drug Law Enforcement Act's definition of "vessel without nationality" is consistent with Congress's authority under the Felonies Clause.  Second, as we have also already held, the Act's lack of a U.S.-nexus requirement is consistent with the Felonies Clause and with due process.  And third, Bravo Lopez has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence.

**AFFIRMED.**