**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-11337
Non-Argument Calendar
————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TONY RAFAEL HENRIQUEZ,
a.k.a. Tony Rafael Heriquez,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20385-CMA-2

————————————

————————————

No. 24-11465
Non-Argument Calendar
————————————

UNITED STATES OF AMERICA,

2                    Opinion of the Court                    24-11337

*Plaintiff-Appellee,*

*versus*

JOSE ANTONIO ACOSTA-PINEDO,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20385-CMA-3

_____

_____

No. 24-11539
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JULIO JAVIER LIRIANO-MERCADO,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20385-CMA-1

_____

Before JORDAN, NEWSOM, and KIDD, Circuit Judges.

PER CURIAM:

Tony Henriquez, Jose Acosta-Pinedo, and Julio Liriano-Mercado appeal their convictions under the Maritime Drug Law Enforcement Act (MDLEA) for (1) conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States and (2) possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States.    They make the following arguments: (1) the MDLEA is unconstitutional as applied to them because the offense occurred within Colombia's Exclusive Economic Zone (EEZ), not on the high seas; (2) the government failed to establish statutory jurisdiction under 46 U.S.C. § 70502(d)(1)(B) by showing that the vessel was without nationality; (3) the district court lacked jurisdiction because the Netherlands conducted the enforcement action; and (4) the defendants' due-process rights were violated because (i) the MDLEA is void for vagueness, (ii) they were not read reverse *Miranda* warnings when officers boarded the vessel, and (iii) there was no nexus between their conduct and the United States.[1]    After careful review, we reject each argument and affirm the defendants' convictions.

---

[1] Only Henriquez and Acosta-Pinedo raise arguments three and four.

## I

We begin with the defendants' argument that their offense did not occur on the high seas and therefore their prosecution under the MDLEA exceeded the district court's subject-matter jurisdiction.[2]

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute . . . a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high [S]eas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024) (citation modified); U.S. Const. art. I, § 8, cl. 10. The MDLEA is an exercise of Congress's power under the Felonies Clause. *Alfonso*, 104 F.4th at 820.

---

[2] We review de novo both the denial of a motion to dismiss an indictment on subject-matter-jurisdiction grounds and the constitutionality of a statute. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). A defendant's guilty plea does not bar him from challenging the constitutionality of the statute of conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

24-11337              Opinion of the Court              5

The defendants argue that a country's EEZ is not part of the high seas, so Congress has no power to criminalize drug trafficking that occurs within a foreign nation's EEZ. We recently rejected this argument. In *Alfonso*, we held that the term "'high seas' includes EEZs" and therefore "enforcement of the MDLEA in EEZs is proper." 104 F.4th at 827. We adhere to *Alfonso* here and conclude that enforcement of the MDLEA against the defendants doesn't violate the Felonies Clause.

## II

We next turn to the defendants' argument that the district court lacked statutory subject-matter jurisdiction under the MDLEA.[3]

For the MDLEA to apply, a vessel must be subject to the United States's jurisdiction. *United States v. Gruezo*, 66 F.4th 1284, 1289 (11th Cir. 2023). One way that a vessel is subject to American jurisdiction is if it's "without nationality." *Id.* (citing 46 U.S.C. § 70502(c)(1)(A)). A vessel without nationality can include "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States . . . to make a claim of nationality or registry for that vessel." 46 U.S.C. § 70502(d)(1)(B).

Here, the district court found that when Coast Guard officers boarded the vessel, Liriano-Mercado identified himself as the

---

[3] We review de novo a district court's subject matter jurisdiction. *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023). We review the district court's jurisdiction-related factual findings for clear error. *Id.*

6                   Opinion of the Court                   24-11337

master but failed to reply when asked about the vessel's nationality. This finding wasn't clearly erroneous. At an evidentiary hearing on a limited remand, the government called the boarding officers to testify whether the defendants were questioned about making a claim of nationality. The officers stated that Liriano-Mercado identified himself as the master in charge of the vessel, one officer asked him if he would like to make a claim of nationality for the vessel, and Liriano-Mercado remained silent. And the case package prepared by the Coast Guard indicated that Liriano-Mercado failed to make a claim of nationality after repeatedly being asked by one of the boarding officers.

So, because Liriano-Mercado refused to make a claim of nationality for the vessel, the vessel was stateless and subject to the United States's jurisdiction under the MDLEA. *See Gruezo*, 66 F.4th at 1291. We thus decline to vacate the defendants' convictions on the ground that the district court lacked subject-matter jurisdiction.[4]

## III

Next, we consider Henriquez and Acosta-Pinedo's argument that the district court lacked jurisdiction because it was the

---

[4] Henriquez and Acosta-Pinedo argue that, under *United States v. Iguaran*, 821 F.3d 1335 (11th Cir. 2016), this Court shouldn't have ordered a limited remand in the first place. But this Court previously decided that a limited remand was appropriate. *See* Remand Order at 3, *United States v. Henriquez*, No. 24-11337 (11th Cir. May 13, 2025). We decline to relitigate that issue now.

24-11337                Opinion of the Court                7

Netherlands, not the United States, that was enforcing the MDLEA.[5]

As a factual matter, Henriquez and Acosta-Pineda are incorrect that the Netherlands carried out the enforcement action, with the Coast Guard merely "occupying a secondary role." Br. of Henriquez at 20. In their factual proffers, Henriquez and Acosta-Pineda acknowledged that the Coast Guard team assumed tactical control of the Dutch patrol boat on which they were embarked and carried out the boarding of the smuggling vessel. So United States officers were heavily involved in enforcing the MDLEA against the defendants.

Henriquez and Acosta-Pineda have cited no authority suggesting that foreign allies can't partner with the United States to interdict drug-smuggling boats on the high seas. And such cooperation is commonplace in MDLEA prosecutions. *See, e.g.*, *United States v. Hurtado*, 89 F.4th 881, 886–87 (11th Cir. 2023); *United States v. Canario-Vilomar*, 128 F.4th 1374, 1377–78 (11th Cir. 2025). The Netherlands' involvement in this MDLEA enforcement action was unremarkable, and it doesn't strip the district court of jurisdiction.

---

[5] As previously stated, we review jurisdictional questions de novo. *Gruezo*, 66 F.4th at 1290.

**IV**

Finally, we address Henriquez and Acosta-Pineda's claim that the enforcement action violated their due process rights.[6]  The defendants make three due-process arguments, which we take in turn.

First, Henriquez and Acosta-Pineda contend that the MDLEA is void for vagueness because it (1) doesn't define what it means to make a claim of nationality or registry for a vessel, (2) doesn't state how long a foreign nation shall be given to confirm or deny a master's claim of nationality, and (3) doesn't require that a detainee be provided a document in his native language to review. Our decision in *Gruezo* forecloses this argument.  There, we rejected a vagueness attack against the MDLEA, holding that the statute was "sufficiently clear to give ordinary people notice that, without a claim of nationality or registry for the vessel upon request, the vessel will be considered stateless for purposes of jurisdiction under the MDLEA."  66 F.4th at 1292.  *Gruezo* compels us to reject the defendants' argument that the MDLEA fails to give detainees fair notice of the law.

Second, Henriquez and Acosta-Pineda contend that the MDLEA violates due process because it doesn't require boarding officers to provide a "reverse *Miranda*" warning, which would inform detainees that their silence could subject them to criminal

---

[6] We review de novo the denial of a motion to dismiss an indictment based on constitutional grounds.  *See United States v. Noriega*, 117 F.3d 1206, 1211 (11th Cir. 1997).

prosecution in the United States.  To the extent that the defendants assert that the MDLEA is facially unconstitutional, their argument is foreclosed by circuit precedent.  *Id*.  And to the extent that they challenge the MDLEA as applied to them, their argument is waived by their guilty pleas.  *See id.*

Third, Henriquez and Acosta-Pineda argue that their prosecution violated due process because the government didn't prove a nexus between their activity and the United States.  Our precedent disposes of this argument, too.  We have held repeatedly that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach."  *Canario-Vilomar*, 128 F.4th at 1383 (citation modified).

\* \* \*

In sum, all the defendants' challenges to their MDLEA prosecutions fail.  First, their conduct occurred on the high seas, so the application of the MDLEA doesn't violate the Felonies Clause.  Second, because Liriano-Mercado refused to make a claim of nationality, the vessel was stateless and subject to the United States's jurisdiction under the MDLEA.  Third, the involvement of the Netherlands in the enforcement action doesn't defeat jurisdiction.  And fourth, the prosecutions didn't violate due process.

**AFFIRMED.**