**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 22-11062

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUAN RAFAEL SALAS ENCARNACION,

a.k.a. Juan Rafael Salas Enoacalnacio,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20233-CMA-1

————————————————

Before LUCK, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Defendant Juan Salas Encarnacion appeals his conviction and 65-month sentence for conspiracy to possess with intent to

distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.

On appeal, Salas Encarnacion argues that (1) the government's authority to prosecute felonies committed on the high seas under the Maritime Drug Law Enforcement Act ("MDLEA") does not extend to conduct that occurs in a foreign nation's exclusive economic zone ("EEZ"), (2) the MDLEA's provision establishing jurisdiction over a "vessel without nationality" exceeds Congress's power because the statute included vessels that were not stateless under international law, and (3) the MDLEA violates the Due Process Clause of the Fifth Amendment by allowing the government to prosecute foreign nationals for offenses bearing no nexus to the United States.

After careful review of the record and the parties' briefs, we affirm Salas Encarnacion's conviction and 65-month sentence.

## I. BACKGROUND

In November 2020, a federal grand jury charged Salas Encarnacion and two codefendants with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. §§ 70503(a)(1), 70506(a)-(b) ("Count 1"), and one count of possession with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. §§ 70503(a)(1), 70506(a) ("Count 2").

## A.     Guilty Plea

Salas Encarnacion agreed to plead guilty to Count 1 in exchange for a dismissal of Count 2.  He signed a factual proffer recounting the following specific events that he stipulated the government could prove beyond a reasonable doubt.

On November 8, 2020, a maritime patrol aircraft discovered a go-fast vessel with no indicia of nationality approximately 98 nautical miles north of Bahía Hondita, Colombia, in international waters.  A boarding team that included a member of the U.S. Coast Guard approached the vessel and observed three individuals on board, including Salas Encarnacion.   The three individuals identified no one as the master of the vessel and verbally claimed Dominican Republic nationality.  When contacted, the Dominican Republic government could neither confirm nor deny the registry of the vessel.  The U.S. Coast Guard, thus, treated the vessel as lacking nationality and subject to the jurisdiction of the United States and boarded the vessel.  The boarding team searched the vessel and found 323 kilogram-sized bricks of cocaine.

The district court accepted Salas Encarnacion's guilty plea.

## B.     Sentencing and Final Judgment

On September 28, 2021, the district court sentenced Salas Encarnacion to 65 months of imprisonment on Count 1.  The same day, the district court entered a final judgment finding Salas Encarnacion guilty on Count 1 and dismissing Count 2.

4                          Opinion of the Court                    22-11062

## C.    Direct Appeal

In April 2022, Salas Encarnacion filed a *pro se* notice of appeal.[1] Salas Encarnacion raised three arguments for the first time in this present appeal.

First, he argues that his conviction must be vacated because, although Congress has authority to punish felonies committed on the high seas, his offense did not occur on the high seas, as defined by international law, because he was arrested in Colombia's EEZ. Second, he asserts that the district court did not have jurisdiction over him because the MDLEA's provision establishing jurisdiction over a "vessel without nationality" exceeded Congress's power to the extent that it included vessels that were not stateless under international law. Third, he contends that his prosecution violated the Due Process Clause because there was no nexus between his offense and the United States. He acknowledged, however, that this third argument was rejected by this Court in a prior published opinion. *See United States v. Campbell*, 743 F.3d 802, 809-810 (11th Cir. 2014).

After briefing, Salas Encarnacion moved to stay his appeal pending this Court's resolution of *United States v. Alfonso*, 104 F.4th

---

[1] This appeal is not timely, but the government has chosen not to contest the timeliness of the appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . ."); *United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009) (holding that the time limit for criminal appeals is a claims-processing rule and not a jurisdictional one).

815 (11th Cir. 2024), which raised the same issues as his first two arguments on appeal. We granted the motion to stay on May 2, 2023. We further stayed the appeal pending the resolution of *United States v. Canario-Vilomar*, 128 F.4th 1374 (11th Cir. 2025). The mandates have issued for both cases, and Salas Encarnacion's appeal is ripe for review.

## II. STANDARDS OF REVIEW

We review *de novo* questions of "[t]he district court's subject matter jurisdiction . . . even when . . . raised for the first time on appeal." *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016) (citations omitted). Outside of jurisdictional issues, however, "when a defendant raises a constitutional challenge for the first time on appeal, we review only for plain error." *Alfonso*, 104 F.4th at 820 (citing *United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019)).

"To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 829 (citing *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)). "If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration adopted).

### III. DISCUSSION

#### A.    Meaning of "High Seas"

The MDLEA makes it a crime to knowingly and intentionally possess a controlled substance with intent to distribute while onboard a vessel subject to the jurisdiction of the United States and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

Congress enacted the MDLEA pursuant to the Felonies Clause in Article I, Section 8, Clause 10 of the Constitution. *Campbell*, 743 F.3d at 805. Under the Felonies Clause, Congress has the power to "define and punish Piracies and Felonies committed on the high Seas." U.S. Const. art. I, § 8, cl. 10. The MDLEA is constitutional under the Felonies Clause as applied to vessels on the "high seas" engaged in drug trafficking crimes, even without a nexus to the United States. *Campbell*, 743 F.3d at 810. However, Congress lacks the power to proscribe drug trafficking in the territorial waters of another state. *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1258 (11th Cir. 2012).

Salas Encarnacion was arrested 98 miles north of Colombia, in Colombia's EEZ.[2] On appeal, Salas Encarnacion argues that under international law, the EEZ of a foreign nation is not part of

---

[2] The EEZ "sits just beyond a nation's territorial waters but within 200 miles of the coastal baseline." *Alfonso*, 104 F.4th at 821.

the "high seas," and thus Congress exceeded its authority under the Felonies Clause in enacting the MDLEA.

This Court rejected this argument in *Alfonso*. 104 F.4th at 825. The defendants in *Alfonso*, like Salas Encarnacion here, were interdicted by the U.S. Coast Guard in a go-fast vessel in the EEZ of a foreign nation (the Dominican Republic) and challenged the constitutionality of the MDLEA as a valid exercise of Congress's Felonies Clause power. *See id*. at 818-19.

The *Alfonso* Court held that "the EEZ is part of the 'high seas' and thus within Congress's authority under the Felonies Clause." *Id*. at 818. The Court further concluded that "international law does not limit the Felonies Clause" and that "enforcement of the MDLEA in EEZs is proper." *Id*. at 826-27. We have since rejected similar constitutional challenges by defendants interdicted in the EEZs of Panama and Colombia as foreclosed by *Alfonso*. *See Canario-Vilomar*, 128 F.4th at 1377, 1381-82.

"Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *Id*. at 1381 (quotation marks omitted, alteration adopted) (citing *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)).

We are bound by *Alfonso* and *Canario-Vilomar*. *See Archer*, 531 F.3d at 1352. As in those cases, enforcement of the MDLEA was proper here because the meaning of "high seas" under the Felonies Clause and the MDLEA extends to the EEZs of foreign

nations, including Colombia.  *See Alfonso*, 104 F.4th at 827; *Canario-Vilomar*, 128 F.4th at 1381.

## B.    Vessel without Nationality

Salas Encarnacion's second argument also concerns whether Congress exceeded its authority under the Felonies Clause in enacting the MDLEA.  Specifically, Salas Encarnacion contends that Congress exceeded its authority because the definition of "vessel without nationality" in the MDLEA is broader than the definition of stateless vessels under international law.

A vessel is covered by the MDLEA if it is "subject to the jurisdiction of the United States."  46 U.S.C. § 70503(e)(1).  As relevant here, a vessel is "subject to the jurisdiction of the United States" if it is "a vessel without nationality."  *Id.* § 70502(c)(1)(A). Under the MDLEA, one definition of a "vessel without nationality" is "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality."  *Id.* § 70502(d)(1)(C).  A claim of nationality or registry may be made, in relevant part, by "a verbal claim of nationality or registry by the master or individual in charge of the vessel."  *Id.* § 70502(e)(3).

In *Alfonso*, the defendants argued, as Salas Encarnacion does here, that Congress exceeded its authority under the Felonies Clause by defining a "vessel without nationality" under § 70502(d)(1)(C) of the MDLEA to include vessels where registry is asserted, but cannot be confirmed or denied by the foreign

country. *Alfonso*, 104 F.4th at 828. Specifically, the defendants contended that, under customary international law, a verbal claim of nationality is prima facie proof of the vessel's nationality, and the MDLEA improperly displaces that proof without any affirmative evidence to the contrary. *Id.* Ultimately, the *Alfonso* Court, reviewing for plain error, concluded that the defendants could not show any error that was plain because "neither this Court nor the Supreme Court has addressed the constitutional challenge they raise." *Id.* at 829.

In *Canario-Vilomar*, this Court addressed the same argument, this time applying *de novo* review. *See Canario-Vilomar*, 128 F.4th at 1378, 1381. This Court rejected the appellants' argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." *Id.* at 1381. Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, this Court reasoned that "[i]t follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA." *Id.*

Because we are bound by our prior-panel precedent, Salas Encarnacion's second argument also fails. *See id.*; *Archer*, 531 F.3d at 1352.

## C. Due Process Clause

Finally, Salas Encarnacion challenges the constitutionality of the MDLEA under the Due Process Clause, although he acknowledges this claim also fails under this Court's precedent.

"The Due Process Clause prohibits the exercise of extraterritorial jurisdiction over a defendant when it would be arbitrary or fundamentally unfair." *United States v. Baston*, 818 F.3d 651, 669 (11th Cir. 2016) (quotation marks omitted). A defendant challenging the facial validity of a statute must show that "no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Congress enacted the MDLEA to define and punish felonies committed on the high seas. *Campbell*, 743 F.3d at 805. In *Campbell*, this Court held that "the conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 810.

This Court explained that, given that trafficking drugs is "condemned universally by law-abiding nations," it is not "fundamentally unfair" to punish those who traffic drugs on the high seas. *Id.* (quotation marks omitted). We also determined that the prosecution of a foreign national for "drug trafficking aboard [a] stateless vessel[] on the high seas" is not prohibited by the Due Process Clause, as the MDLEA "provides clear notice that all nations prohibit" such conduct. *Id.* at 812; *see also United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) ("[T]his Court has held that the Fifth Amendment's Due Process Clause does not prohibit the trial and conviction of aliens captured on the high seas while drug trafficking because the MDLEA provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas.").

Here, we are once again bound by our prior-panel precedent, and Salas Encarnacion's conviction under the MDLEA does not violate the Due Process Clause. *See Campbell*, 743 F.3d at 810; *Archer*, 531 F.3d at 1352.

## IV. CONCLUSION

For the above reasons, we affirm Salas Encarnacion's drug conspiracy conviction and 65-month sentence.

**AFFIRMED.**